IN THE CIRCUIT COURT OF PULASKI COUNT, ARKANSAS
6TH DIVISION

JAMES M. SCURLOCK     PLAINTIFF

VS.    60CV2011-1489

WINDSTREAM COMMUNICATIONS, INC.;
GEORGE EASLEY; BRENT WHITTINGTON;
TOM KEMPER; DON WILBORNE; LORI YACAVONE;
and JEFF GARDNER     DEFENDANT

FILED 03/29/11 16:18:30
Larry Crane Pulaski Circuit Clerk
FG

## COMPLAINT

COMES the Plaintiff, by and through counsel, and for his Complaint, he states:

### PARTIES AND JURISDICTION

1. Plaintiff is a resident and citizen of the State of Arkansas, who worked for the Defendant at its principle place of business in Pulaski County, Arkansas. Defendant is a domestic corporation with its principal place of business in Little Rock, Arkansas, who, during each week in 2008, 2009, and 2010 employed more than 300 employees within the State of Arkansas. This action is brought for violation of the Americans with Disabilities Act of 1990 (ADA), the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), and the Arkansas Civil Rights Act of 1993 (ACRA). Plaintiff timely filed a charge of discrimination with the EEOC, a copy of which is attached hereto as Exhibit "A," and now timely files this action within 90 days of receiving his Right-To-Sue letter. Accordingly, this Court has subject matter jurisdiction and personal jurisdiction over the parties. Venue is proper.

### GENERAL ALLEGATIONS OF FACT

2. Plaintiff is a male, who is disabled with regard to major life activities including major bodily functions as defined under 42 U.S.C. 12102(2)(A) and (B).

3. While employed by the Defendant, Plaintiff requested and initially received an accommodation for his disability in June 2009.

4. Defendant failed to continue this agreed to accommodation as of September 2009.

5. Prior to the filing of the Complaint, Defendant terminated Plaintiff for the false reason of reorganization of his employment division in violation of 42 U.S.C. 12112(a).

6. In fact, no such reorganization ever took place with all other members of his division either receiving promotions, remaining in their then current positions, or being reassigned to positions with similar pay and benefits.

7. Defendant failed to continue to accommodate Plaintiff's disability, and terminated him under circumstances similarly situated persons without disabilities were not so terminated. See 42 U.S.C. 12112(b)(5)(A).

## COUNT I

8. Plaintiff re-alleges the foregoing as if fully set out herein.

9. By virtue of the facts alleged herein, Plaintiff has a disability, as that term is defined by the ADA, the ADAAA, and ACRA.

10. By virtue of the facts alleged herein, Defendant has discriminated against plaintiff on the basis of his disability, in violation of the ADA, and in violation of the Arkansas Civil Rights Act. Defendant has also violated the ADA by failing to continue to accommodate the Plaintiff's disability.

11. Defendant terminated Plaintiff under circumstances similarly situated persons without disabilities were not terminated.

12. As a direct and proximate cause of the Defendant's acts and omissions alleged herein, Plaintiff has lost wages, lost fringe benefits, lost earning capacity, lost sleep, and Defendant's actions have placed a strain on Plaintiff's personal relationships.

13.     Defendant's actions have been so egregious as to warrant the imposition of punitive damages.

## COUNT II

14.     Plaintiff re-alleges the foregoing as if fully set out herein.

15.     Plaintiff is of Jewish descent.

16.     Defendant terminated Plaintiff under circumstances that similarly situated non-Jews, who had breached the Defendant's policies in far more serious ways were not so terminated.

17.     Accordingly, Defendant has discriminated against Plaintiff on the basis of his ethnicity in violation of the Arkansas Civil Rights Act of 1993.

18.     As a direct and proximate cause of the Defendant's acts and omissions alleged herein, Plaintiff has lost wages, lost fringe benefits, lost earning capacity, lost sleep, and Defendant's actions have placed a strain on Plaintiff's personal relationships.

19.     Defendant's actions have been so egregious as to warrant the imposition of punitive damages.

## COUNT III

20.     Plaintiff re-alleges the foregoing as if fully set out herein.

21.     Plaintiff requested an accommodation, opposed illegal activity, and participated in a protected activity by requesting accommodation.

22.     Nonetheless, within the year preceding the termination of Plaintiff by Defendant, Defendant harassed, intimidated, and retaliated against the Plaintiff in violation of the ACRA, ADA, and ADAAA.

23. Defendant has not terminated, harassed, or intimidated persons without disabilities.

24. Accordingly, Defendant has retaliated, intimidated, and harassed Plaintiff in violation of the ADA and the Arkansas Civil Rights Act of 1993.

25. As a direct and proximate cause of the Defendant's acts and omissions alleged herein, Plaintiff has lost wages, lost fringe benefits, lost earning capacity, lost sleep, and Defendant's actions have placed a strain on Plaintiff's personal relationships.

26. Defendant's actions have been so egregious as to warrant the imposition of punitive damages.

WHEREFORE, Plaintiff prays for appropriate compensatory damages exceeding $75,000, an injunction required Defendant to remove all adverse employment information from his personnel file, designating him as rehirable, a positive employment recommendation, for a declaratory judgment that Defendant's acts and omissions have violated the ACRA and the ADA, for an injunction requiring Defendant to comply with the ACRA, ADA, and ADAAA for a requirement that this lawsuit be posted and that it be posted that Defendant has violated the law, for investigation and disciplinary action against the appropriate individuals for committing discrimination, prejudgment interest, for punitive damages, for reinstatement or front pay, for a trial by jury, for costs, for attorney's fees, and for all other proper relief.

                            Respectfully submitted,

                            HARRILL & SUTTER, P.L.L.C
                            Attorneys at Law
                            P.O. Box 2012
                            Benton, Arkansas 72015
                            (501) 315-1910 FAX (501) 315-1916
                            Attorneys for Plaintiff

By: _____
                            Lucien Gillham, Ark. Bar #99199

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: James M. Scurlock<br>1809 Stagecoach Village<br>Little Rock, AR 72210 | From: Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2010-00880 | Chris E. Stafford, Investigator | (501) 324-5812 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

William A. Cash, Jr.,
Area Office Director

12-29-2010
*(Date Mailed)*

Enclosures(s)

cc:  Georgia Robinette
Human Resources Windstream Communications, Inc
4001 Rodney Parham Dr.
Building 1, 2nd floor
Little Rock, Arkansas 72212

Harrill & Sutter, P.L.L.C
Attn: Luther Sutter
PO Box 2012
Benton AR 72015


PLAINTIFF'S EXHIBIT A