**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JAMES SCURLOCK**                                                                                   **PLAINTIFF**

v.                            Case No. 4:11CV00369 BSM

**WINDSTREAM COMMUNICATIONS, INC.;
GEORGE EASLEY; BRENT WHITTINGTON;
TOM KEMPER; DON WILBORNE;
LORI YACAVONE; and JEFF GARDNER**                                         **DEFENDANTS**

**ORDER**

James Scurlock alleges that he was discriminated against at Windstream communication based on his medical disability and his Jewish ancestry and religion. He makes claims under the Americans with Disabilities Act (ADA) and the Arkansas Civil Rights Act (ACRA). Defendants moved [Doc. No. 5] to dismiss the complaint for failure to state a claim. Scurlock responded [Doc. No. 10] by filing an amended complaint.

To survive a motion to dismiss, a complaint must contain sufficient facts which, if accepted as true, state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible where the plaintiff pleads factual content that would allow a court to draw the reasonable inference that defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

To set out a *prima facie* case of disability discrimination under the ADA and ACRA, Scurlock must plead facts that show: (1) an ADA qualifying disability; (2) qualifications to perform the essential functions of his position with or without reasonable accommodation; and (3) an adverse employment action due to his disability. *Norman v. Union Pacific*

*Railroad Co.*, 606 F.3d 455, 459 (8th Cir. 2010). In his amended complaint Scurlock sets out facts that state a plausible claim for discrimination under the ADA against Windstream. Specifically, Spurlock alleges that he is disabled within the meaning of the ADA, that Windstream regarded him as having an impairment, and that he was one of the top performers in his department. He alleges that he was initially provided with an appropriate accommodation. He also claims that Windstream refused to continue his accommodation and that he suffered harassment and eventual termination as a result of the accommodation and disability. Based on these facts it is reasonable to draw the inference that Windstream is liable under the ADA.

To make out a prima facie case for religious and racial discrimination under ACRA, Spurlock must show (1) that he his a member of a protected group; (2) that he was subjected to unwelcome harassment; (3) that the harassment was based on his membership in a protected group; and (4) that the harassment affected a term or condition of his employment. *See Anderson v. Family Dollar Stores of Ark., Inc.*, 579 F.3d 858 (8th Cir. 2009). He may also show that he suffered retaliation from reporting harassment. *Burkhart v. American Railcar Industries, Inc.*, 603 F.3d 472, 476–477 (8th Cir. 2010). Spurlock also alleges facts that make out a plausible claim against Windstream under ACRA. Specifically, Spurlock alleges that he suffered harassment based on his Jewish religion and ethnicity. He claims that when he complained to Windstream's Human Resources Department, the department told him to "learn to take a joke" and then retaliated against him for reporting the harassment.

Based on these facts it is reasonable to draw the inference that Windstream is liable for religious discrimination under the ACRA.

Finally, Spurlock alleges facts that make out a plausible claim against the individual defendants for retaliation under the ACRA. As the defendant points out, the ACRA prohibits retaliation by all persons. *Calaway v. Practice Management Services*, 2010 Ark. 432. Spurlock sets out specific facts that each of the named defendants retaliated against him for reporting harassment in the workplace.

For the reasons set forth above, the motion to dismiss [Doc. No. 5] is DENIED.

IT IS SO ORDERED this 14th day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE