IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

JAMES SCURLOCK                                                                                           PLAINTIFF

v.                                     NO. 4:11-CV-00369 BSM

WINDSTREAM COMMUNICATIONS, INC.;
GEORGE EASLEY; BRENT WHITTINGTON;
TOM KEMPER; DON WILBORNE;
LORI YACAVONE; and
JEFF GARDNER                                                                                          DEFENDANTS

## BRIEF IN SUPPORT OF MOTION TO DISMISS

COMES NOW, James Scurlock, Plaintiff, by and through his attorneys SPEARS HUFFMAN, PLLC and for his Brief in Support of Motion to Dismiss states:

**I.     BACKGROUND**

Plaintiff James M. Scurlock claims he was discriminated against at Windstream Communications, Inc. (hereinafter "Windstream") based on his Jewish ancestry and an unspecified medical disability. Plaintiff asserts claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12102, *et seq.* and the Arkansas Civil Rights Act of 1993 ("ACRA"), Ark. Code Ann. § 16-123-107. *See Amd. Compl.*, Doc. No. 10.  His claims against the individual Defendants George Easley, Brent Whittington, Tom Kemper, Don Wilborne, Lori Yacavone, and Jeff Gardner are limited to claims of harassment, intimidation, and retaliation under the ACRA. *Id.*  Defendants filed an Answer to Plaintiff's Amended Complaint on June 22, 2011. *See Ans. Amd. Compl.*, Doc. No. 16.  Between April 10 and April 12, 2012, Plaintiff deposed Separate Defendants Kemper, Wilborne, Easley, and Yacavone. Plaintiff previously sought dismissal against Separate Defendant Tom Kemper.  For the

reasons more fully set forth *infra*, Plaintiff now moves this Court to dismiss Plaintiff's claims against the remaining defendants **with prejudice**.

## II. ARGUMENT AND AUTHORITIES

The Rules of Civil Procedure govern when a Plaintiff may voluntarily dismiss any or all of his or her claims. The decision to grant or deny a plaintiff's motion to voluntarily dismiss a lawsuit rests upon the sound discretion of the district court, and the court's decision is reviewed for abuse of that discretion. *See, e.g., Cahalan v. Rohan,* 423 F.3d 815, 818 (8th Cir.2005). Rule 41 provides for voluntary dismissal prior to a responsive pleading being filed. "[T]he plaintiff may dismiss an action without a court order by filing … a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment…." Fed. R. Civ. P. 41(a)(1). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B).

Since the Defendants have filed a responsive pleading (Answer, Doc. 16), Plaintiff may dismiss the remaining Defendants only with an Order of this Court. Rule 41(a)(2) allows for dismissal with an Order of the Court. The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced. The rule allows the plaintiff to withdraw his action from the court without prejudice to future litigation. *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir. 1976). Rule 41(a)(2) is primarily intended to prevent a plaintiff from voluntarily dismissing a lawsuit when such a dismissal would "unfairly affect" the defendant. *See Paulucci v. City of Duluth,* 826 F.2d 780, 782 (8th Cir.1987).

The following factors are to be considered in deciding a Rule 41(a)(2) motion: (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay

and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant. *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987).

In the case at bar, discovery has commenced and several defendants have been deposed.  Although some of the defendants have filed a Motion for Summary Judgment, extensive discovery will continue to take place with discovery responses outstanding and two defendants remaining to be deposed.  Further, this matter is scheduled to proceed to trial.  Therefore the remaining defendants will not be prejudiced if this action is dismissed with prejudice.

WHEREFORE, Plaintiff prays this Court dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(a)(2), and Plaintiff's claims against the remaining Defendants be dismissed; each party to bear that party's costs and fees; and for any and all other just and proper relief.

    Respectfully submitted,
    JAMES SCURLOCK

By: __/s/ *Bryan R. Huffman*__
    Bryan R. Huffman, Ark. Bar No. 2004154
    Attorney for Plaintiff
    SPEARS HUFFMAN, PLLC
    113 S. Market Street
    Benton, AR 72015
    (501) 315-0092
    (888) 748-5786 (Facsimile)
    bhuffman@spearshuffman.com

## Certificate of Service

I, Bryan R. Huffman, hereby certify that on this 29th day of May, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that the system provided notification of such filing to the following:

Daniel L. Herrington, Attorney for Defendants
FRIDAY, ELDRIDGE & CLARK, LLP
400 W. Capitol, Suite 2000
Little Rock, AR 72201
(501) 370-1571
herrington@fridayfirm.com

/s/ **Bryan R. Huffman**